<hr />

### Henry B. Ely v. Antoine Hergesell.

*Covenants of warranty—Assignment of grantee's right of action—Rights of purchaser on foreclosure.*

The grantee in a deed containing the "usual covenant of warranty" cannot sever his right of action thereon, and assign it to another person while he keeps the premises himself.

A purchaser under a mortgage is entitled to the benefit of such covenants as run with the land.

Error to Mason. Submitted June 16. Decided June 22.

Assumpsit. Defendant brings error. Reversed.

*White & McMahon* for plaintiff in error.

*Isaac Gibson* for defendant in error. Every *chose in action* springing from a contract is assignable in Michigan and the assignee may sue in his own name : Comp. L.

§ 5775 ; even a right of action for a tort may be assigned : *Final v. Backus* 18 Mich. 218 ; so can every interest relating to property which is assignable in equity : *Cook v. Bell* id. 387 ; covenants do not run with a mortgage : *Ladue v. Det. & Mil. R. R.* 13 Mich. 380 ; *Caruthers v. Humphrey* 12 Mich, 270 ; *Hogsett v. Ellis* 17 Mich. 351.

MARSTON, C. J.   Under the pleadings and facts found by the circuit judge in this case we are of opinion the plaintiff was not entitled to recover.   The plaintiff claimed to recover as an assignee for breach of covenants of warranty in a deed of conveyance of lands, although he at no time had any right or interest in the premises conveyed. The conveyance to the plaintiff's assignor contained the "usual covenants of warranty," some of which certainly run with the land, and the grantee therein could not sever her right of action thereunder and assign the same to a third person, she still retaining the premises.

Previous to this assignment the premises had been mortgaged, and the mortgage was still outstanding and might therefore ripen into a title, and should such happen the holder thereof would be entitled to the benefit of such covenants as run with the land.

Even if this were insufficient there are still other objections to the plaintiff's recovery under the facts as found by the circuit judge.   In no view of the case was the plaintiff entitled to recover.

The judgment must be reversed and judgment entered in this court for the plaintiff in error with costs of both courts.

The other Justices concurred.